JOHN COMBES, executor &c.,

*v.*

CATHALINA CADMUS et al.

A testator gave all his residuary estate (real and personal) to trustees, with a discretionary power to sell the real estate and to pay the income of the whole estate to his widow for life, or until her remarriage. The estate consists of mortgages, the homestead, which the widow occupies, and some unimproved city lots, which cannot now be sold advantageously. There is therefore no income or revenue except the interest on the mortgages. The widow insists that the taxes on the unimproved property should not be paid out of that interest, but from sale of the lots.—*Held*, that the trustees must pay the taxes on the lots out of the interest received from the mortgages.

Bill for construction of will and directions to executor. On final hearing on pleadings and proofs.

*Messrs. Bentley & Hartshorne,* for complainant.

*Messrs. Cortlandt & R. Wayne Parker,* for answering defendant.

THE CHANCELLOR.

The bill is filed by John Combes, one of the executors of the will of Richard Cadmus, deceased, against his co-executor, Cathalina Cadmus, widow of the deceased, and other persons interested in the estate, for a construction of the will, and directions. The testator died in 1873. By his will he devised and bequeathed to his wife, his son-in-law, the complainant,

and his nephew, William J. Cadmus (now deceased), or the survivor of them, all the remainder of his estate, both real and personal, to have and to hold the same for the following uses, viz., after paying all his debts, to pay to his wife, while she should remain his widow, the income of all his estate whether real or personal, and provided that if she should marry they should pay to her the interest of $6,000 only; and that after her death or remarriage, his personal estate should be equally divided among his children, with limitations over in case of their death with or without issue. And as to his real estate which should remain unsold at his wife's death or remarriage, he ordered his executors, or the survivor of them, to sell it as soon as it properly could be done without sacrifice, and at the end of each year divide the proceeds of the sales of the land sold during the year among his children equally; the issue of any who may have died leaving lawful issue to take the parent's share. And he directed that the sales of land should thus go on year after year until all the land should have been sold. And he also gave his executors, and the survivor of them, power to sell and convey any part of his real estate as to them should seem best for his estate. The estate consists of some investments on mortgage, and except the homestead, which the widow occupies, unproductive real estate, building lots, for which there is at present no such demand as to justify the sales thereof. The income from the investments on mortgage has been used to pay the taxes on this real estate. The widow objects to such use of it, claiming that she is entitled to the gross income of the investments, and that the taxes on the unimproved property should be paid by the remaindermen. The executor (of three appointed, one is dead) brings this suit for a construction of the will on this head.

The testator, by the will, blends the real and personal estate together, and gives the widow the use of all of it for life. As life-tenant she is bound to pay the taxes, and she is bound to pay the taxes on the real estate whether there is any revenue derived from it or not. It is the duty of the trustees to pay the taxes out of the income of the whole property. The widow is entitled to the net, not gross, income.